UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIFFANY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-01978-AGF |
| | ) |
| ORTHOPEDIC ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for judgment on the pleadings or dismissal. ECF No. 17. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff Tiffany Evans filed a complaint against her former employer, Defendant Orthopedic Associates, under Title VII of the Civil Rights Act (42 U.S.C. §2000e, et seq.) and the Missouri Human Rights Act (§213.010 et seq. RSMo), claiming that she was subjected to a hostile work environment and retaliation when a co-worker with Tourette's syndrome repeatedly shouted profane and racial slurs at her. The co-worker is not a party to this lawsuit and, for her privacy, will be referred to herein as "S.B."[1] Plaintiff alleges that,

---

[1] Defendant filed a motion for protective order relating to the medical condition of a non-party seeking to exclude S.B.'s full name from the public record. ECF No. 11. Plaintiff did not file any response in opposition to the motion. The Court granted the motion and ordered that existing pleadings containing S.B.'s full name be sealed and future filings be redacted. ECF No. 12. In response to the Court's protective order, Plaintiff filed an

over a period of five months, she suffered "an almost daily barrage of racial epithets," several of which she recorded between December 15, 2017, and January 9, 2018, and one of which contains the word nigger 18 times in the span of six minutes.  Plaintiff complained to her managers, who attempted to physically separate her from S.B. on Defendant's premises, including designating separate lunch times.  Plaintiff suggests that her managers trivialized her degradation by responding that S.B.'s tics were involuntary and occurred even in her absence.  Plaintiff pleads that Defendant's response to the situation was inadequate and that she continued to experience racial harassment by S.B., ultimately resulting in her constructive discharge on February 13, 2018.

In response to Plaintiff's complaint, Defendant filed the present motion for judgment on the pleadings or dismissal, asserting that Plaintiff cannot succeed on her claims because S.B.'s conduct was not racially motivated and because Defendant took extraordinary steps to accommodate Plaintiff.  Plaintiff counters that the nature of S.B.'s condition is a subject for discovery and in any case does not relieve Defendant of its obligation to remediate reported discrimination.  Defendant replies that it had no duty to fire S.B. due to her disability and that Plaintiff fails to identify any actions constituting retaliation.

---

amended complaint substantially identical to her original complaint but replacing S.B.'s name with initials.  The amended complaint also adds in exhibit a Notice of Rights letter recently issued by the Missouri Commission on Human Rights.  ECF No. 16.  For ease of reference, the Court will refer to both versions as the complaint.  The parties have renewed their filings on Defendant's present motion, and the matter is ripe for ruling.

## DISCUSSION

**Rule 12(c)**

As a preliminary matter, Plaintiff asserts that Defendant's motion for judgment on the pleadings under Rule 12(c) is premature in that Defendant has not yet filed an answer to the complaint. Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Since no answer has been filed in this case, no Rule 12(c) motion can be decided. *Richardson v. Hellmuth, Obata & Kassabaum, Inc.*, 4:11CV1227 CDP, 2011 WL 4635183, at *1 (E.D. Mo. Oct. 4, 2011) (citing *Hailey v. Yellow Freight Sys., Inc.,* 599 F.Supp. 1332, 1333 (W.D.Mo.1984)).

**Rule 12(b)(6) Standards**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Richardson*, 2011 WL 4635183 at *2. To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015). Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to

relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). A court must "draw on its judicial experience and common sense" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

"A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims." *Richardson*, 2011 WL 4635183 at *2 (internal citations omitted).

The parties do not dispute that Plaintiff's federal and state claims of hostile work environment (Counts I and II) and retaliation (Counts III and IV) require the same basic elements and analysis for purposes of the present motion. As such, the Court will simply address each theory as the parties have discussed them in their briefing.

**Hostile Work Environment**

To sustain a claim for hostile work environment, a plaintiff must show that (1) she is a member of a protected class; (2) she is subjected to unwelcome race-based harassment; (3) the harassment was because of membership in the protected class; and (4) the harassment affected a term, condition, or privilege of her employment. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010); *Hill v. City of St. Louis*, 371 S.W.3d 66, 70 (Mo. App. E.D. 2012). "The harassment must be both subjectively offensive to the employee and objectively offensive such that a reasonable person would consider it to be hostile or abusive." *Turner v. Gonzales*, 421 F.3d 688, 695 (8th Cir. 2005). When a plaintiff attempts

to establish a hostile work environment based on the actions of co-workers, she must establish that the employer knew or should have known about the harassment and failed to respond in a prompt and effective manner. *Anderson*, 606 F.3d at 518.

Defendant asserts that Plaintiff fails to state a claim for hostile work environment because she "has not alleged and cannot establish" that S.B.'s involuntary outbursts were racially motivated (referring to the third element) or that Defendant's remedial response was inadequate. The Court finds Defendant's arguments unpersuasive.

Plaintiff, an African-American, specifically pleads that S.B. called her a nigger on multiple occasions. Court fails to see how such language could derive from something *other* than race, whether consciously or unconsciously, and regardless of the speaker's filter or lack thereof. S.B.'s disability did not make the word any less subjectively offensive to Plaintiff. The Court finds Plaintiff's explicit allegations on this element sufficient at the pleading stage. The cases cited by Defendant in support of its motion to dismiss were decided on summary judgment with a full evidentiary record. *See, e.g., Turner*, 421 F.3d at 695 (affirming summary judgment for employer where record lacked evidence of specific instances of conduct that a reasonable person would consider hostile). Plaintiff is entitled to develop the record on her claim and let a jury determine whether S.B.'s insults, even if involuntary, were nonetheless racially motivated and offensive to a reasonable person.

Similarly, with respect to Defendant's remedial response, Plaintiff essentially alleges that her managers excused S.B.'s behavior, told Plaintiff not to take it personally, and threw up their hands after physical segregation did not resolve the matter. Plaintiff specifically pleads that "Defendant's efforts were futile, as [S.B.'s] racially offensive comments … and

epithets continued unabated after Plaintiff complained to Defendant's management about the harassment." This satisfies the notice pleading requirements of Rule 8. Again, the cases cited by Defendant in support of its motion were decided after a trial and, moreover, are cited only for the proposition that an employer is not required to fire an employee for actionable conduct. *See e.g., Barrett v. Omaha National Bank*, 726 F.2d 424 (8th Cir. 1984); *Katz v. Dole*, 709 F.2d 251 (4th Cir. 1983). Plaintiff does not assert that Defendant was *required* to terminate S.B.; she simply refutes Defendant's claim that it *could not* terminate S.B. without inviting an ADA lawsuit, which is inaccurate. An employer "must make reasonable accommodations for a disabled employee but need not tolerate misconduct that would result in termination of a non-disabled employee." *Walz v. Ameriprise Fin., Inc.*, 22 F. Supp. 3d 981, 986 (D. Minn. 2014), *aff'd*, 779 F.3d 842 (8th Cir. 2015) (discussing EEOC standards for persons with disabilities, advising that individuals with Tourette's syndrome can legally be dismissed where disability-caused behavior is disruptive to co-workers). Defendant fails to cite precedent for its suggestion that, in order to survive a motion to dismiss, Plaintiff must specifically identify what remedial action should have been taken. Plaintiff has sufficiently pleaded that Defendant knew of S.B.'s conduct and failed to respond in an effective manner.

Defendant's motion to dismiss Plaintiff's claims of hostile work environment (Counts I and II) will be denied.

**Retaliation**

To prevail on a retaliation claim, a plaintiff must prove that (1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) the materially adverse action was causally connected to the protected activity. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013). To establish a material adverse action in the form of constructive discharge, a plaintiff "must show that the employer deliberately created intolerable working conditions with the intention of forcing her to quit." *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826 (8th Cir. 2017).

Defendant asserts that Plaintiff fails to state a claim for retaliation in that (1) she did not engage in protected activity because S.B.'s conduct was involuntary and not racially motivated and (2) Plaintiff's resignation was not a constructive discharge. The Court rejects Defendant's suggestion that complaining to one's employer about being called "nigger" in the workplace is not protected activity under Title VII, no matter the circumstances. However, the Court must agree that Plaintiff's complaint fails to sufficiently plead that Defendant deliberately created intolerable conditions in reaction to her reports to management, with the intention of forcing her to quit. Plaintiff pleads only that "Defendant continued to subject [her] to the comments and hostile working environment" despite her grievances. Even construed in Plaintiff's favor, this allegation does not permit a reasonable inference that Defendant's response was affirmatively calculated to force her resignation, as opposed to merely half-hearted or inadequate. Plaintiff's claims of retaliation (Counts III and IV) must therefore be dismissed.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED** with respect to Plaintiff's claims of retaliation (Counts III and IV) and **DENIED** with respect to Plaintiff's claims of hostile work environment (Counts I and II).  ECF No. 17.  Defendant shall file an answer to Plaintiff's complaint by September 3, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2019.